| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: 11-2-20 |

PAMELA WILLIAMS, *on behalf of herself and all others similarly situated*,

                Plaintiff,

      v.

FISHER & PAYKEL APPLIANCES USA HOLDINGS INC.,

                Defendant.

20-CV-4403 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Pamela Williams brings this putative class action against Fisher & Paykel Appliances USA Holdings, Inc., pursuant to the Americans With Disabilities Act. For the reasons that follow, the Court dismisses this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

    Plaintiff filed her Complaint on June 9 27, 2020. Dkt. 1. On June 16, 2020, the Court ordered that, within thirty (30) days of service of the summons and complaint, the parties must meet and confer for at least one hour in a good-faith attempt to settle this action. Dkt. 5. The Court further ordered that within fifteen (15) additional days (i.e., within forty-five (45) days of service of the summons and complaint), the parties must submit a joint letter requesting that the Court either (1) refer the case to mediation or a magistrate judge (and indicate a preference between the two options), or (2) schedule an initial status conference in the matter. *Id.* On July 8, 2020, Plaintiff filed an affidavit of service averring that she had personally served Defendant on June 11, 2020. Dkt. 6.

Pursuant to the Court's June 16, 2020 Order, a joint letter from the parties was thereby due July 27, 2020, or forty-five days after Defendant was served. The parties failed to meet this deadline. On September 14, 2020, this Court issued an Order directing the parties to submit this joint letter by September 29, 2020. Dkt 7. The parties failed to do so. On October 14, 2020, the Court issued another Order, extending the deadline for the joint letter to October 23, 2020. Dkt. 8. In this Order, the Court informed the parties that "[f]ailure to file the letter may result in dismissal of this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." *Id*.

To date, the parties have not submitted a joint letter to the Court as required by the Court's June 16, September 14, and October 14 Orders.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id*. Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id*. at 217 (quoting *Mitchell v. Lyons Prof'l Servs*., Inc., 708 F.3d 463, 467 (2d Cir. 2013)).

**DISCUSSION**

Several of the above factors weigh in favor of dismissing this action under Rule 41(b). The duration of the non-compliance is significant. The parties have not complied with the Court's orders for four months, despite the Court issuing three orders directing them to do so and granting them multiple extensions of time to comply. *See, e.g., Singelton v. City of New York*, No. 14- CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where the plaintiff had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"). Moreover, Plaintiff has been given multiple opportunities to be heard, as witnessed by the Court's repeated extensions of filing deadlines for Plaintiff's benefit. Finally, Plaintiff was on notice that her failure to comply would result in dismissal. In the October 14 Order, the Court explicitly warned Plaintiff that this action may be dismissed if she failed to respond. Dkt. 8; *see also Mitchell*, 708 F.3d at 468 (holding that a district court did not abuse its discretion in dismissing an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal"). And other actions brought by Plaintiff have similarly been dismissed for failure to prosecute. *See Williams v. Lorac*, No. 20-cv-1741 (RA), Dkt. 21.

Nonetheless, because some countervailing evidence exists, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case. *Baptiste*, 768 F.3d at 216. Primarily, this action has not substantially burdened the Court's docket, as the Court has not yet decided any substantive motions, held any hearings, presided over any discovery, or scheduled trial. Further, given that Defendant here has failed to appear or comply with any filing deadlines, the Court cannot conclude that Defendant would suffer any prejudice if this litigation were allowed to continue. *See LeSane*, 239 F.3d at 210 ("[T]here is no evidence in the record that plaintiff's delay . . . caused any

particular, or especially burdensome, prejudice to defendants beyond the delay itself."). Accordingly, the Court finds that dismissal without prejudice is the appropriate sanction for Plaintiff's failure to comply with the Court's orders. *See, e.g., Ortega v. Mutt*, No. 14-CV-9703 (JGK), 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (internal quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to close this case, and to mail this Order to Defendant.

SO ORDERED.

Dated:   November 2, 2020
         New York, New York

                                              RONNIE ABRAMS
                                              United States District Judge